437 F.2d 501
 UNITED STATES of America, Plaintiff-Appellee,
v.
TOP SHIPPERS ASSOCIATION, Inc., and Francis A. Finberg,
Defendants-Appellants.
No. 29561 Summary Calendar.*
*Rule 18, 5th Cir.; See Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5th Cir., 1970,
431 F.2d 409, PartI.
 United States Court of Appeals, Fifth Circuit.
 Feb. 1, 1971, Rehearing Denied April 20, 1971.
 
 Edward B. Winn, Lane, Savage, Counts & Winn, G. Ward Beaudry, Dallas, Tex., for defendant-appellants.
 Eldon B. Mahon, U.S. Atty., Andrew Barr, Asst. U.S. Atty., Kiril Jaszenko, Atty., I.C.C., for plaintiff-appellee.
 Appeal from the United States District Court for the Northern District of Texas at Dallas; William M. Taylor, Jr., District Judge.
 Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 In this case a jury found Top Shippers Association, a corporation, and Francis A. Finberg, its manager, guilty, in twelve counts, of violating the Elkins Act, 49 U.S.C. 41. This statute prohibits the knowing solicitation, acceptance, and receipt of concessions from a railroad company in the transportation of property in interstate commerce at a less rate and charge than that named in the tariffs of the common carrier as published and on file with the Interstate Commerce Commission. The minimum fine prescribed by statute was assessed on each count against each defendant.
 
 
 2
 Counsel for appellants express the view that the case raised complex and fundamental constitutional issues. We disagree. As in all cases, we have carefully considered the numerous (twelve) assignments of error urged on behalf of Top Shippers and Mr. Finberg. We find the case peculiarly appropriate for Rule 21 disposition, that is, the evidence on behalf of the government, accepted by the jury clearly established the wilful, deliberate, continued, and continuous activities of the defendants-appellants. Further, they received a fair trial, devoid of reversible error. A detailed discussion and point by point rejection of the twelve grounds asserted for reversal would be of no precedential value whatever.
 
 
 3
 Nothing remains, then, but to direct that the judgment of the District Court be and it is hereby
 
 
 4
 Affirmed.